UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                              :

YLAISHA ALVAREZ, ANA MARIA       :
ENCARNACION and BIENVENIDA      :     **MEMORANDUM DECISION**
ENCARNACION,                          :     **AND ORDER**
                                                :
                     Plaintiffs,        :     25-cv-05277 (BMC)
                                                  :
                 - against –           :
                                                  :
                                                  :
A. DUIE PYLE, INC. and JUAN         :
VALENTIN,                                  :
                                                  :
                     Defendants.      :
                                                  :
-------------------------------------------------------- X

**COGAN**, District Judge.

       Defendants, citizens of Pennsylvania and Connecticut, have removed this motor vehicle accident case from the New York Supreme Court based on diversity of citizenship, as plaintiffs are New York citizens, and there is more than $75,000 in controversy.

       By an Order to Show Cause, I *sua sponte* raised the issue of whether defendants' assertions regarding diversity were sufficient to support removal. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (allegation of "residence" not adequate to allege "citizenship"). I also raised the issue of whether, even if diversity jurisdiction exists, the case was removable as defendants filed their notice of removal more than one year after commencement of the action in state court. Defendants' response to the Order to Show Cause cured the problem in their notice of renewal with regard to the citizenship of the parties, but defendants have not sufficiently shown that plaintiffs acted in bad faith to prevent them from removing the action. Additionally, defendants failed to remove within 30 days of receiving notice that the case was removeable.

Accordingly, defendants' notice of removal was untimely, and the action will be remanded to state court.

## BACKGROUND

This action arises out of an accident between two motor vehicles. Plaintiff Ylaisha Alvarez, the driver of one of the vehicles, and plaintiffs Ana Maria Encarnacion and Bienvenida Encarnacion, her passengers, allege that the collision was the fault of defendants A. Duie Pyle Inc., the owner of the other vehicle, and the driver of the vehicle, Juan Valentin. All three plaintiffs, initially represented by the same counsel, commenced this lawsuit in state court on November 28, 2023, alleging personal injuries resulting from the collision. Consistent with state law, the complaint did not contain a damage demand. See N.Y. C.P.L.R. 3017(c). Defendants served their initial discovery demands on June 6, 2024, which included a demand for plaintiffs to state their damages.

When plaintiffs failed to respond with a statement of damages, defendants sent plaintiffs a series of five emails between the months of July and November 2024 to follow up on their discovery requests. Almost seven months later, on June 12, 2025, when defendants still had not received a response, defendants served plaintiffs with a motion to dismiss, preclude and compel regarding the outstanding discovery responses. It does not appear that the state court ever ruled on this motion. Sometime between November 28, 2023 and June 30, 2025 (it is unclear from the parties' papers), Alvarez retained separate counsel, and Ana Maria Encarnacion and Bienvenida Encarnacion continued with their existing counsel.

On June 30, 2025, the two Encarnacion plaintiffs finally responded to defendants' initial discovery demands, but without including a response to defendants' demand for a statement of damages. On July 9, 2025, Alvarez served responses to defendants' initial discovery demands,

which contained, *inter alia*, "an approximation of the costs, expenses and special damages incurred by Plaintiff to date" as "estimated at $100,000 and continuing," including physician services, medical supplies, nurses services, x-ray expenses, plus "past present and future pain and suffering, amounts of which will be determined at trial."

On August 13, 2025, defendants served all plaintiffs with a demand letter via email delivery and certified mail, return receipt requested, with a request for a complete response to their request for a statement of damages. Defendants sent all plaintiffs one more email on September 2, 2025, again requesting a response.

On September 9, 2025, plaintiff Alvarez responded to defendants' demand for a statement of damages, asserting a damage demand for $3,000,000. Defendants removed the case on the basis of that response on September 19, 2025. I ordered defendants to show cause why the case should not be remanded, as the time between commencement and removal exceeded one year and the only basis for removal was diversity jurisdiction. See 28 U.S.C. § 1446(c). Defendants responded by setting forth the above-history and asserting that plaintiffs had avoided disclosing the amount in controversy in bad faith to avoid removal.

I therefore ordered all plaintiffs to explain why they had not responded to defendants' discovery requests for more than a year. Plaintiff Alvarez has not responded to the Order. The Encarnacion plaintiffs responded by pointing out that the assigned counsel from plaintiff's law firm had obtained a consensual extension to respond to the recovery requests to accommodate her vacation, but when she returned from vacation, she left the firm. Defendants, however, continued to email her, and apparently no one at her former law firm assigned another attorney to this case, nor did anyone from that firm check her emails. As of this date, there is still no response to defendants' request for a statement of damages from the Encarnacion plaintiffs.

The Encarnacion plaintiffs assert that they never received any physical mail from defendants despite defendants' allegations that they were sent, nor did they receive any electronic filings from the New York State Courts Electronic Filing System.  Furthermore, from November 20, 2024 onwards, up until the June 12, 2025 motion, there were no further emails or correspondence from defendants, and defendants never requested any court conferences or court intervention.  There were apparently no attempts by defendants to contact the Encarnacion plaintiffs by telephone.

## DISCUSSION

### I.    Time Limit for Removing Cases Based on Diversity

"Federal courts are courts of limited jurisdiction that possess only that power authorized by Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotations omitted).  One such authorized basis for jurisdiction arises in diversity, which requires both an amount in controversy in excess of $75,000 and diversity of citizenship among all the parties.  See 28 U.S.C. § 1332; U.S. CONST. art. III, § 2, cl. 1.  In certain circumstances – and so long as the federal court has jurisdiction otherwise – the federal removal statute provides that actions originally brought in state court may be removed by the defendant to federal court within 30 days of the date from which defendants first receive notice that the case is removable. See 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(3).  Under 28 U.S.C. § 1446(c)(1) however, a defendant may not remove a case based on diversity jurisdiction "more than [one] year after commencement of the action."  28 U.S.C. § 1446(c)(1).  There is one exception to this bar – if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Id.  The statute provides that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that

finding shall be deemed bad faith" for purposes of tolling the one-year bar. 28 U.S.C. § 1446(c)(3)(B).

Here, defendants have satisfied the requirements for diversity jurisdiction because all the parties are diverse, and plaintiff Alvarez seeks damages of $3,000,000. Defendants, however, filed their Notice of Removal on September 19, 2025, almost one year and ten months after the original Summons and Complaint dated November 28, 2023, well beyond the one-year limitation on removal mandated by 28 U.S.C. § 1446(c)(1). Defendants also failed to remove this case within 30 days of July 9, 2025 – the date that Alvarez alleged at least $100,000 in damages, thus satisfying the jurisdictional amount for diversity.

As an initial matter, to succeed in removing this action, defendants have the burden of first proving that plaintiffs failed to disclose the amount in controversy, and that they did so in bad faith for the purpose of preventing defendants from removing the action within the one-year window. Defendants fail to meet this burden. But even if they did, defendants are barred from removing this case, because the 30-day time limit to remove began to run on July 9, 2025, and defendants did not file their notice of removal until September 19, 2025.

## II.    Bad Faith Exception

"Courts in this Circuit have found 'bad faith' warranting an extension of the removal clock 'where the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court.'" Elliott v. Jaquez, 777 F. Supp. 3d 136, 151-52 (E.D.N.Y. 2025) (citing Ehrenreich v. Black, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)). "For this assessment, the defendant bears the burden of proving a plaintiff's bad faith conduct by clear and convincing evidence." Id. at 152 (citing Mcghee-Lewis v. Target Corp., No. 23-cv-7440, 2024 WL 3813321, at *3 (E.D.N.Y. July 11, 2024)). "The 'bad faith' exception is not available where the plaintiff's actions 'do not evince a specific desire to prevent removal,' and courts 'have declined

to infer strategic conduct and excuse for untimely removal where plaintiffs have failed to answer multiple requests for damages.'" Id. (citing Marin v. Sephora USA, Inc., No. 21-cv-3520, 2020 WL 3999711, at *6 (S.D.N.Y. July 15, 2020)).

On the facts present here, defendants have failed to show by clear and convincing evidence that the Encarnacion plaintiffs acted in bad faith, or that they deliberately delayed disclosing the amount in controversy to prevent defendants from removing. It seems more likely that the Encarnacion plaintiffs never replied to several of defendants' emails simply because the attorney to whom the emails were sent no longer worked at the firm and the firm was negligent in not following up. And rather than exercising their own due diligence, by, for example, calling the Encarnacion plaintiffs or mailing them to find out why they were not responding, or more pointedly, following up on the motion practice in state court for an order to compel a response sufficiently within the one-year period so that they could get the information, defendants tried repeatedly to email them, apparently hoping for a different outcome that never came. It was not until June 2025 that defendants finally moved the court to compel a response, and August 2025 that defendants sent the Encarnacion plaintiffs a demand letter via certified mail, which the Encarnacion plaintiffs allege they never received.

Defendants do not explain what happened in between their email of November 2024 and when defendants filed their motion in June 2025 and why there was no correspondence during this period. In fact, defendants waited almost seven months after the time to remove had already lapsed before moving the court to compel plaintiffs' response. "[I]t remains defendants' responsibility to obtain the necessary information to remove a case within one year from the commencement of the state court action." Elome v. Sva Trucking LLC, No. 21-cv-5241, 2021 WL 4480456, at *3 (E.D.N.Y. Sept. 30, 2021).

I note that, as of this decision, plaintiff Alvarez has not filed a response to my Order to Show Cause as to why she never timely responded to defendants' discovery requests. It is not clear, from the parties' papers, when exactly plaintiff Alvarez and the Encarnacion plaintiffs retained separate counsel, but it may well be the case that Alvarez was still represented by the same law firm as the Encarnacions when the handling attorney left that firm. If so, Alvarez's reason for not responding is likely to be the same as the Encarnacions'. In any case, even absent a response from all plaintiffs, defendants' "only evidence of bad faith [here] is delay. . . . But delay alone is insufficient to show bad faith." Schabhuttl v. BJ's Membership Club, Inc., No. 23-cv-782, 2023 WL 3180379, at *3 (E.D.N.Y. May 1, 2023) (citing Kozlova v. Whole Foods Mkt. Grp., No. 20-cv-6025, 2021 WL 4398234, at *4 (E.D.N.Y. Sept. 26, 2021)).

Defendants emphasize that their "good faith" efforts to reach plaintiffs were left unreciprocated, but that is immaterial. It is not defendants' good faith that is at issue, but plaintiffs'. Bad lawyering and neglect are not the same as a deliberate scheme to evade the one-year removal period, and the statute requires the latter. It is for the state court to address discovery neglect, and it is incumbent on a defendant to get that issue resolved within the one-year period for diversity removal that Congress has allowed. Because defendants have not shown by clear and convincing evidence that plaintiffs acted in bad faith, this case must be remanded to state court on this issue alone.

## III.    30-Day Time Limit on Removal

In addition to defendants' failure to show bad faith, this action is remanded because defendants did not remove this case within 30 days of the date from which defendants first had notice that the case was removable. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based. See 28 U.S.C. § 1446(b)(1). If the

case was not initially removable, a defendant may still file a notice of removal within 30 days after receipt of an amended pleading, motion, or other paper from which they can ascertain that the case has become one that is removable.  See 28 U.S.C. § 1446(b)(3); Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.") (collecting cases).  Here, defendants were initially unable to remove the case because plaintiffs' complaint contained no damage demand, and defendants were thus unable to ascertain the jurisdictional amount.  However, the case became removable on July 9, 2025, when plaintiff Alvarez first served defendants with a response to defendants' discovery demands, estimating her medical expenses at "$100,000 and continuing," thus satisfying the jurisdictional amount.

This Court could have exercised diversity jurisdiction over Avarez's claim as soon as the jurisdictional amount had been met.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005); 28 U.S.C. § 1367(a).  As the Supreme Court explained in Exxon Mobil, "[i]f the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint."  Exxon Mobil Corp., 545 U.S. at 558-559 (considering "whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction'" under 28 U.S.C. § 1367(a), and concluding that "the answer must be yes.").  "Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in

the action." Id. at 559.  "Where there is a proper basis for removal, a federal district court has . .

. supplemental jurisdiction over 'all other claims that are so related to the claims in the action

within such original jurisdiction that they form part of the same case or controversy.'"  H-

Quotient, Inc. v. Knight Trading Grp., Inc., No. 03-cv-5889, 2005 WL 323750, at *3 (S.D.N.Y.

Feb. 9, 2005) (citing 28 U.S.C. § 1367(a)); see also F5 Cap. v. Pappas, 856 F.3d 61, 82 (2d Cir.

2017) (explaining that "a removal case also favors exercising supplemental jurisdiction" because

"the main purpose of § 1367(b) is to prevent opportunistic plaintiffs[,] [not defendants,] from

thwarting the complete diversity requirement" and that "as a generally matter, the Supreme Court

tends to treat statutory jurisdictional questions in removal cases with flexibility").  "For purposes

of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a

common nucleus of operative fact.'"  Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d

234, 245 (2d Cir. 2011) (citing Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308

(2d Cir. 2004)).

Here, it is clear that all three plaintiffs' claims are derived from such a common nucleus

of operative fact because they all arise out of the same car accident.  Thus, on July 9, 2025, had

defendants timely removed the case, this Court could have exercised supplemental jurisdiction

over the Encarnacion plaintiffs' claims.  Nonetheless, defendants waited until September 19,

2025, to file their notice of removal, over a month after the 30-day time limit to remove had

already lapsed.  Defendants are therefore barred from removing this case under § 1446(b)(3).

## CONCLUSION

Defendants failed to remove this case within the 1-year limit prescribed by 28 U.S.C. §

1446(c)(1), and the 30-day time limit prescribed by 28 U.S.C. § 1446(b)(3).  For the foregoing

reasons, the Clerk is directed to remand this case to the Supreme Court of the State of New York,

County of Kings, Case No. 534647/2023, on the ground that it was untimely removed.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 7, 2025